# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-14-305-M |
| ) | |
| JACKIE DUNCAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant Jackie Duncan's Motion to Suppress Evidence Obtained as a Result of an Illegal Search and Seizure ("Motion to Suppress"), filed December 08, 2014. On December 15, 2014, the government filed its response. On January 6, 2015, the Court held a hearing on the Motion to Suppress. On January 09, 2015, and on January 12, 2015, defendant and the government each filed their respective supplemental brief. Based upon the parties' submissions and the evidence presented at the hearing, the Court makes its determination.

I.    Factual Background

On April 9, 2014, at approximately 12:05 p.m., Officers from the Lawton Police department were dispatched tot 211 SW Summit Avenue, Lawton, Oklahoma, in response to a burglary in progress 911 call. Mr. Floyd Frye, owner of the residence, called 911 and informed the dispatcher that a black male wearing a blue Oklahoma Thunder basketball jersey was observed crawling through a window of the residence. Responding to the call, Sergeant Mark Geer arrived at the scene and observed a blue caprice parked on the driveway of the residence and a male, who was later identified as Mr. Jackie Duncan, fitting the suspect's description leaning into the driver's side of the vehicle. Upon observing Sergeant Geer approach the vehicle, Mr. Duncan took flight on foot. Sergeant Geer started to pursue Mr. Duncan and observed Mr. Duncan pull an item, which was later

identified as a gun holster, from his waistband area and throw it as he ran. However, Sergeant Geer stopped his pursuit of Mr. Duncan after learning from Mr. Frye that there were additional individuals in the vehicle. Sergeant Geer approached the vehicle and observed an individual sitting in the passenger seat, Mr. Esdavon Mclymore, and another individual, Mr. Cornelius Johnson, sitting in the back seat. While Sergeant Geer remained with the two individuals in the car and continued his investigation, Lieutenant John Schwenck pursued Mr. Duncan, took him into custody, and returned to Sergeant Geer's location. During this incident, the officers found a black handgun under the driver seat of the vehicle.

Subsequently, the officers discovered that Ms. Owens, who was the mother of Mr. Duncan's child and was incarcerated during this incident, was renting the residence from Mr. Frye and did not object to Mr. Duncan's presence in her resident. Accordingly, there was no burglary charge filed against Mr. Duncan.

II.     Discussion

Defendant moves the Court for an order suppressing any physical evidence, specifically the firearm the officers discovered, and fruits thereof that were obtained during and as a result of an allegedly illegal search and seizure. Defendant asserts evidence was seized upon a search of a blue caprice vehicle and the seizure of that evidence is the fruit of an illegal, unreasonable, and unconstitutional search and seizure in violation of the Fourth Amendment of the United States Constitution. In response, the government asserts that seizure of the firearm was constitutional because, among other assertions[1], the officers seized the firearm after observing it in plain view.

---

[1] Having found, as set forth below, that the seizure of the evidence is lawful pursuant to the plain view doctrine, the Court will not address the government's additional assertions to establish the constitutionality of the seizure.

"A warrantless search violates the Fourth Amendment unless it falls within one of the enumerated exceptions to the warrant requirement." *United States v. Rollins*, 190 F. App'x 739, 743 (10th Cir. 2006) (citing *United States v. Edwards*, 242 F.3d 928, 937 (10th Cir. 2001)).

> Under the plain view doctrine, a police officer may properly seize evidence of a crime without a warrant if (1) the officer was lawfully in a position from which to view the object seized in plain view; (2) the object's incriminating character was immediately apparent – i.e., the officer had probable cause to believe the object was contraband or evidence of a crime; and (3) the officer had a lawful right of access to the object itself.

*United States v. Sanchez*, 89 F.3d 715, 719 (10th Cir. 1996) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions and having heard the evidence presented at the hearing, the Court finds that the firearm was lawfully seized pursuant to the plain view doctrine. Specifically, the Court finds that the firearm was in plain view as it was, based on the officers'[2] testimony at the hearing and the pictures provided to the Court, protruding out from under the driver's side seat of the vehicle. Defendant's main contention is that the door on the driver's side of the vehicle was closed and, therefore, the officers could not have seen the firearm under the driver's side seat in plain view without unlawfully opening the door. To support his position, defendant offers the statements of Mr. Johnson, the passenger in the back seat of the vehicle, asserting that Mr. Duncan closed the driver side door before he fled the scene.[3] In contrast, the government provides the testimony of Sergeant Geer asserting that the driver's side door of the

---

[2] The Court finds that Sergeant Greer and Lieutenant John Schwenck were credible witnesses.

[3] At the motion to suppress hearing, Scott Charles, a Federal Public Defender Investigator, testified that he interviewed Mr. Johnson who stated that the driver's side door closed as Mr. Duncan fled.

vehicle was open when he arrived at the site and remained open at all times. In addition, the government provides several photographs taken before the seizure depicting the driver's side door open at all times. Based on this evidence and the totality of the circumstances in this case, the Court finds that the government has established the driver's side door of the vehicle was open at all times and that the officer observed the firearm in plain view.

In addition, the Court finds that the firearm's incriminating character was immediately apparent. Among other prohibitions pertaining to possession of firearms in Oklahoma, it is unlawful under Oklahoma law for a convicted felon to "have in his or her possession or under his or her immediate control, or in any vehicle which the person is operating, or in which the person is riding as a passenger . . . any pistol." Okla. Stat. tit. 21, § 1283. The evidence submitted establishes that Mr. Duncan was the driver of the vehicle and that Mr. Johnson and Mr. Mclymore were passengers in the vehicle. In addition, Sergeant Geer testified that he recognized Mr. Johnson and Mr. Duncan from prior law enforcement contacts and believed they were prohibited persons, felons, who could not legally possess a firearm. Sergeant Geer also testified that Mr. Mclymore and Mr. Johnson both indicated to him that they had been recently released from the Department of Corrections. Based on this evidence and the totality of the circumstances in this case, the Court finds that the officers had probable cause to believe the firearm was contraband or evidence of a crime, i.e., the incriminating character of the firearm was immediately apparent.

Lastly, the Court finds that the officers had rightful access to the object itself. The officers were present on the private property after responding to a burglary in progress 911 call. Upon arriving, the officers observed a suspect fitting the description on the premises. Upon approaching the suspect, the suspect immediately fled the scene. Accordingly, the Court finds that under these

4

facts and the totality of the circumstances in this case, the officers had sufficient probable cause to believe a burglary was in progress at the residence and, thus, the officers were lawfully present on the driveway and had rightful access to the object itself. *See United States v. McCullough*, 457 F.3d 1150, 1164 (10th Cir. 2006) (internal quotation marks and citations omitted) ("an officer may lawfully enter a residence without a warrant under the exigent circumstances exception when the officer reasonably believes a burglary is in progress.").

III. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion to Suppress Evidence [docket no. 20].

**IT IS SO ORDERED this 30th day of January, 2015.**

*Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE