# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-14-305-M |
| | ) | |
| JACKIE DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion for a New Trial and Brief in Support, filed November 29, 2016. On January 30, 2017, the government responded. On February 6, 2017, defendant replied. Based on the parties' submissions, the Court makes its determination.

I. Background

On January 6, 2015, defendant Jackie Duncan ("Duncan") was charged in a ten count Superseding Indictment. Pursuant to the Hobbs Act, Count 9, of the Superseding Indictment charged Duncan with unlawfully obstructing, delaying, and affecting, and attempting to obstruct, delay and affect, commerce by robbery by taking personal property consisting of cocaine base and monetary proceeds of cocaine base sales from Donald Willis ("Willis") in violation of 18 U.S.C. § 1951. Count 10 charged Duncan with knowingly possessing and brandishing a firearm during the robbery, described in Count 9, in violation of 18 U.S.C. § 924(c)(1)(A). Counts 9 and 10 stem from the robbery of Willis, in which, on March 1, 2014, Duncan robbed Willis, at gunpoint, of his drugs and money.[1]

---

[1] Willis' girlfriend at the time, Sasha Gray ("Gray"), was also present and a victim of the robbery; however, the Counts against Duncan for robbing Gray were dismissed.

On March 13, 2015, during the trial in this matter, Willis testified that Duncan robbed him of his drugs – crack, ice, and weed, and took approximately $1,100.00 from Willis and Gray. *See* Excerpt of Jury Trial Testimony of Donald Willis at 22 & 25, attached as Exhibit 3 to Duncan's reply brief. Gray also testified during trial that Duncan took Willis' drugs and money. *See* Excerpt of Jury Trial Testimony of Sasha Gray at 24, attached as Exhibit 4 to Duncan's reply brief.

On March 17, 2015, the jury returned verdicts of guilty on all counts, but 3 and 4. Duncan now moves this Court, pursuant to Federal Rule of Criminal Procedure 33, for a new trial asserting that new evidence has come to light, not available at trial. Specifically, Duncan asserts that Willis, in his Declaration of Victim Losses, relays to the Court that the source of the funds taken by Duncan on March 1, 2014, were from the sale of his car and not drug proceeds. Duncan contends that in order to be convicted on Counts 9 and 10, the funds stolen from Willis were required to be drug proceeds, and since Willis now represents that the funds Duncan stole from him were from the sale of his car and not drug proceeds, Duncan is entitled to a new trial.

II.  Discussion

Rule 33 permits "the court to vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).[2] However, "a motion for a new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution." *United States v. Jordan,* 806 F.3d 1244, 1252 (10th Cir. 2015), cert. denied 136 S. Ct. 1700 (2016) (citing *United States v. McCullough,* 457 F.3d 1150, 1167 (10th Cir. 2006)).

>  To prevail, a defendant must prove:
>
>  (1) the evidence was discovered after trial, (2) the failure to learn of the evidence was not caused by [his] own lack of diligence, (3) the new evidence is not merely impeaching, (4) the new evidence is

---

[2] "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).

> material to the principal issues involved, and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

*Id.*

Duncan contends that Willis' testimony as to the source of the funds Duncan robbed him of has continually changed. Specifically, Duncan contends that during Willis' testimony to the Federal Grand Jury, Willis testified that Duncan took $800 from Gray during the robbery, which came from her social security check. *See* Federal Grand Jury Testimony of Donald Willis at 14, attached as Exhibit 1 to Duncan's reply brief. Duncan asserts that during the trial, Willis testified that Duncan took $300 from him and about $1,100 all together from him and Gray during the robbery. *See* Excerpt of Jury Trial Testimony of Donald Willis at 24-25, attached as Exhibit 3 to Duncan's reply brief. Further, Duncan contends that during trial, Willis testified that $250 of the $300 Duncan took from him was from money given to him by Gray. *Id.* at 45. Lastly, Duncan contends that Willis now represents to the Court in his Declaration of Victim Losses that the money Duncan took from him during the robbery was from the sale of his car. The government contends that Duncan is not entitled to a new trial because the information Willis presented in his Declaration of Victim Losses is merely impeaching and the evidence is not material to the principle issues involved.

Having carefully reviewed the parties' submissions, the Court finds that Duncan is not entitled to a new trial. Specifically, the Court finds that the information presented to the Court in Willis' Declaration of Victim Losses does not rise to the level of new evidence entitling Duncan to a new trial but is merely impeachable information against Willis. Jury Instruction No. 24 instructed the jury on the elements of finding Duncan guilty, pursuant to the Hobbs Act. Specifically, it instructed the jury as follows:

3

> This law makes it a crime to obstruct, delay or affect interstate commerce by robbery.
>
> To find the defendant guilty of this crime you must be convinced that the government has proved beyond a reasonable doubt that:
>
> *First:* the defendant obtained property from another without the person's consent.
>
> *Second:* the defendant did so by wrongful use of actual or threatened force, violence, or fear; and
>
> *Third:* as a result of the defendant's action, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed obstructed, or affected in any way or degree[.]

Jury Instructions [docket no. 92] Instruction No 24. Further, the jury was instructed that "'[p]roperty' includes money and other tangible and intangible things of value." *Id.*

During Willis' trial testimony, Willis testified that Duncan took his drugs consisting of three grams of marijuana, four grams of crack, and a couple of grams of ice. *See* Excerpt of Jury Trial Testimony of Donald Willis at 24-25, attached as Exhibit 3 to Duncan's reply brief. Further, Gray in her trial testimony corroborated the fact that Duncan took drugs from Willis during the robbery. *See* Excerpt of Jury Trial Testimony of Sasha Gray at 24, attached as Exhibit 4 to Duncan's reply brief ("Did they take some drugs? Yeah. . . . It was ice . . . ."). The first element of Jury Instruction No. 24 instructed the jury to find Duncan guilty if the government proved beyond a reasonable doubt that Duncan obtained property from Willis without Willis' consent. Willis and Gray provided testimonial evidence at trial that not only did Duncan take Willis' cash but his drugs too. Jury Instruction No. 24 did not instruct the jury to differentiate property between cash and drugs and more importantly, Jury Instruction No. 24 did not instruct the jury to find the money taken from Willis had to be drug proceeds. Therefore, even if Willis' statement to the Court in his Declaration of Victim Losses was true, that the money Duncan took from Willis was from the sale

4

of his car, the Court finds that evidence is not material to the principle issue of whether Duncan took Willis' property without Willis' consent. Further, the new fact that the money Duncan took from Willis was proceeds from the sale of Willis' car and not drug proceeds would not be substantial enough to overcome the fact that Duncan took Willis' property without consent and, therefore, would probably not produce an acquittal at a new trial. Therefore, the Court finds that Duncan's motion for a new trial should be denied.

Accordingly, for the reasons set forth above, the Court DENIES Duncan's Motion for New Trial and Brief in Support [docket no. 176] and SETS the matter for sentencing on August 29, 2017 at 11:00 am.

**IT IS SO ORDERED this 11th day of August, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE