IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-14-305-D |
| ) | |
| JACKIE DUNCAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Jackie Duncan's *pro se* Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A) [Doc. No. 306]. The government has filed a Response [Doc. No. 307] in opposition. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was a long-time member of the 107 Hoover Crips gang.[1] In February and March of 2014, Defendant was involved in a three-day crime spree—a spree that included the non-fatal shooting of Anthony Johnson. Just two days after shooting Mr. Johnson, Defendant committed two armed robberies, both of which stemmed from Defendant's gang activity.

On April 9, 2014, law enforcement arrested Defendant after he initially tried to flee from officers who were called in response to a residential burglary in progress. On January

---

[1] The factual and procedural background is taken primarily from the Presentence Investigation Report (PSR) [Doc. No. 195], the Court's prior order [Doc. No. 292] on Defendant's § 2255 motion, and the Tenth Circuit's order affirming Defendant's underlying conviction and sentence [Doc. No. 249].

6, 2015, Defendant was charged in a ten-count Superseding Indictment but, after the government dismissed two counts, was ultimately tried on the following eight counts:

- Count 1: Conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951(a);
- Count 2: Felon in possession of a firearm, 18 U.S.C. § 922(g)(1);
- Count 3: Possessing a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1);
- Count 4: Possessing/brandishing a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c)(1)(A);
- Counts 5 and 9: Interfering with commerce by robbery, 18 U.S.C. § 1951(a); and
- Counts 6 and 10: Possessing/brandishing a firearm in furtherance of a violent crime, 18 U.S.C. § 924(c)(1)(A).

The jury found Defendant guilty on Counts 1, 2, 5, 6, 9, and 10.

Following Defendant's conviction, the PSR (which was twice revised before reaching final form) calculated a total offense level of 37 and criminal history category of IV. The offense level and criminal history category resulted in a guideline imprisonment range of 292-365 months, with terms of 84 months on Count 6 and 300 months on Count 10 to run consecutively to any other terms.

At the sentencing hearing, the Court sustained Defendant's PSR objection, which reduced his criminal history category from IV to II. The Court recalculated the guideline range to be 235-292 months on Counts 1, 2, 5, and 9; 60 months on Count 6; and 300 months on Count 10. Ultimately, the Court sentenced Defendant to a total of 386 months of incarceration, broken down as follows:

- One month each on Counts 1, 5, and 9, to run concurrently with each other;

2

- One month on Count 2, to run consecutively to Counts 1, 5, and 9;

- 84 months on Count 6, to run consecutively to Counts 1, 2, 5, and 9; and

- 300 months on Count 10, to run consecutively to Counts 1, 2, 5, 6, and 9.

Defendant appealed his conviction, arguing that the Court improperly admitted evidence during trial showing that he shot Mr. Johnson. On March 12, 2019, the Tenth Circuit affirmed Defendant's conviction.[2]

## STANDARD OF DECISION

Although a district court generally may not modify a defendant's sentence, it may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A defendant may seek compassionate release in a district court only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

After administrative remedies are exhausted, a district court may grant a request for compassionate release only if it (1) "finds that extraordinary and compelling reasons warrant such a reduction," (2) "finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "considers the factors

---

[2] Defendant also filed a Motion Pursuant to Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 264] arguing that (1) he was denied the effective assistance of counsel and (2) a Hobbs Act charge cannot serve as a predicate offense for a 924(c) offense. The Court denied the motion [Doc. No. 292], and the Tenth Circuit declined to issue a certificate of appealability [Doc. No. 301].

set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021) (quoting *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021)). If any one of these three requirements is lacking, a district court may deny the compassionate-release motion without considering the other requirements. *Id.*

## DISCUSSION

Defendant argues that extraordinary and compelling reasons warrant a sentence reduction, but, in this case, Defendant's request is most easily addressed by proceeding directly to consideration of the § 3553 factors. Defendant does not address the § 3553 factors, but, in the Court's view, the relevant factors here include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and (4) the need for the sentence imposed to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(1), (2).

All four factors set forth above weigh against granting a sentence reduction at this time. As detailed in the PSR, Defendant's three-day crime spree involved numerous, serious crimes. Indeed, Defendant shot Mr. Johnson—presumably without any, or much, regard for Mr. Johnson's life—and robbed two others at gunpoint. And Defendant was not a mere pawn in these violent crimes; he acted as a leader and organizer, as reflected in the four-point enhancement he received at sentencing. Unfortunately, Defendant's three-day

crime spree was not an outlier, as he had spent much of his adolescent and adult life engaged in various criminal activities, including the shooting and killing of a rival gang member when Defendant was only 19 years old.

All of this also warrants a lengthy sentence of imprisonment to deter others from engaging in similar criminal activity. The Court acknowledges, and is sensitive to, the obstacles Defendant faced early in his life, including the absence of any real mother or father figure. To some extent, those hardships factor into the Court's analysis, at least to the extent that the Court considers the history and characteristics of Defendant. But any impact those hardships have on the Court's analysis are outweighed by the fact that the Court cannot definitively conclude that Defendant no longer remains a threat to the public. Defendant's offense conduct occurred just over 10 years ago, and, although it appears he has taken some positive steps and avoided any violent behavior while incarcerated, the Court is not convinced that the past decade has eliminated any potential threat Defendant would pose upon release.[3]

After reviewing all of Defendant's arguments and evidence, and considering the factors enumerated in § 3553(a), the Court concludes that reducing Defendant's sentence as requested at this time would not adequately reflect the serious nature of the offense or

---

[3] As the government notes, after shooting and killing a man in 2007, Defendant served only four years of a ten-year sentence. Then, not even two years after being released from prison for that shooting, Defendant went on the three-day crime spree discussed herein. This timeline certainly does not give the Court confidence that Defendant would refrain from criminal activity, were his sentence to be reduced.

the need to promote respect for the law, provide just punishment or adequate deterrence for the offenses, or protect the public from further crimes of Defendant.

## CONCLUSION

The Court commends Defendant for taking some positive steps while incarcerated, and it sympathizes with him as it relates to the health of his mother and the mother of his child, as well as the obstacles faced by his son and those taking care of him. Unfortunately, these are the all-too-common consequences faced by family members of individuals who choose to make decisions similar to Defendant's. The Court encourages Defendant to continue on his current path, but, at this time, the Court finds that he should not be granted relief under § 3582(c)(1)(A).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A) [Doc. No. 306] is **DENIED** without prejudice to refiling at an appropriate time.

**IT IS SO ORDERED** this 3rd day of June, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge